IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RAFAEL DOMINGUEZ                                                    PETITIONER

v.                         NO. 2:05CV00084 SWW/JFF

LINDA SANDERS,
Warden, FCI Forrest City,
Arkansas                                                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

On April 12, 2002, Petitioner plead guilty in the United States District Court for the Northern District of Texas to conspiracy to possess with intent to distribute

marijuana. On July 23, 2002, the district court entered a judgment sentencing Petitioner to 136 months imprisonment, to be followed by a five-year term of supervised release. Petitioner appealed, and the Fifth Circuit dismissed the appeal as frivolous. United States v. Dominguez, No. 02-10904 (5th Cir. April 23, 2003). Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court.

On July 26, 2004, Petitioner filed a motion in the sentencing court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He alleged, *inter alia*, that the drug weight calculations used against him were erroneous and that he should not have been subject to a leadership enhancement under USSG § 3B1.1. On July 28, 2004, the district court denied Petitioner's § 2255 motion, finding that the two arguments should have been raised on direct appeal and that they were without merit. Dominguez v. United States, 2004 U.S. Dist. LEXIS 14704 at 4-5 (N.D. Tex. July 28, 2004). Petitioner filed a notice of appeal from the denial of his § 2255 motion. On August 13, 2004, the district court denied Petitioner's request for a certificate of appealability. Petitioner subsequently filed a request for a certificate of appealability with the Fifth Circuit. He argued, *inter alia*, that in light of Blakely v.Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the district court erred when it overruled his claims relating to the erroneous drug-weight calculations and leadership enhancement. On January 6, 2005, the Fifth Circuit denied Petitioner's request for a certificate of appealability, finding that it lacked jurisdiction to consider newly raised arguments. United States v. Dominguez, No. 04-10993 (5th Cir. Jan. 6, 2005).

On April 13, 2005, Petitioner, who is incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed his § 2241 petition in this Court. He raises the

following grounds for relief:

> 1. Petitioner's Fifth and Sixth Amendment rights were violated because the drug amounts, which resulted in an upward sentencing adjustment against him, were not charged and proven to a jury beyond a reasonable doubt; and
>
> 2. The leadership enhancement placed on Petitioner at sentencing violates United States v. Booker,[1] his Sixth Amendment rights, and his due process rights because he did not plead guilty to the enhancement, nor was the enhancement proven beyond a reasonable doubt.

The Respondent has filed a motion to dismiss Petitioner's petition (docket entry # 5), asserting that Petitioner is precluded from presenting his claims pursuant to § 2241 because he cannot satisfy the requirements of § 2255's savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his detention.

In his § 2241 petition, Petitioner attacks the legality of his federal sentence on his conviction for conspiracy to possess with intent to distribute marijuana. A collateral challenge to the legality of a prisoner's federal sentence generally must be filed in the sentencing court pursuant to § 2255 and not in the court of incarceration pursuant to § 2241. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). It is not by accident that Petitioner, who has already been denied § 2255 relief, has chosen to raise his claims in a § 2241 petition. The Antiterrorism and Effective Death Penalty Act's gatekeeping regime presents an almost impenetrable barrier to his filing a second or successive § 2255 motion raising his claims. Under the regime, authorization from the appropriate Court of Appeals is a prerequisite to filing a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002), cert.

---

[1] ____ U.S. ____, 125 S. Ct. 738 (2005).

denied, 538 U.S. 953 (2003). Authorization may be granted only if the appropriate Court of Appeals certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8.

Section 2255 contains a narrowly-circumscribed savings clause that permits a federal prisoner to file a § 2241 petition attacking his underlying conviction or the validity of his sentence if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." United States, ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (quoting 28 U.S.C. § 2255), cert. denied, 537 U.S. 869 (2002). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." United States v. Lurie, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)). "[I]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill, 349 F.3d at 1091. Section 2255 is not inadequate or ineffective merely because § 2255 relief already has been denied or because a remedy under that section is time-barred. Lurie, 207 F.3d at 1077.

Petitioner asserts that § 2241 jurisdiction is triggered by the savings clause in § 2255 because he (1) "did not have an earlier opportunity to present his claims with the

benefit of the extensions and clarifications that have been voiced" by the United States Supreme Court in <u>Blakely</u>, <u>Booker</u>, and <u>Shepard v. United States</u>, _____ U.S. _____, 125 S. Ct. 1254 (2005), (2) he has been barred from presenting his claims before the Fifth Circuit and there is no avenue available to him to raise his claims, and (3) failure to allow collateral review "would raise serious constitutional questions." In <u>Blakely</u> the Supreme Court held that because the facts supporting the defendant's enhanced state sentence were neither admitted by the defendant nor found by a jury, the sentence violated his Sixth Amendment right to trial by jury. <u>Blakely</u>, 124 S. Ct. at 2537-38. In so holding, the Supreme Court applied the rule announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Blakely</u>, 124 S. Ct. at 2536 (quoting <u>Apprendi</u>, 530 U.S. at 490). In <u>Booker</u>, the Supreme Court held that the reasoning in <u>Blakely</u> applies to the Federal Sentencing Guidelines and, therefore, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at 752-56. In <u>Shepard</u>, the Supreme Court held that "enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

Shepard, 125 S. Ct. at 1263.

The Eighth Circuit has indicated that § 2241 jurisdiction may be triggered by the savings clause in § 2255 if the petitioner demonstrates that (1) he is actually innocent of the crime for which he was convicted and that (2) he "never had an unobstructed procedural opportunity" to raise his claim. Abdullah v. Hedrick, 392 F.3d 957, 960-63 (8th Cir. 2004) (citing In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), and Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)), cert. denied, 125 S. Ct. 2984 (2005). Other courts, utilizing the savings clause test announced by the Fifth Circuit in Reyes-Requena,[2] which also contains an "actual innocence of the offense" prong, have determined that a petitioner can meet that prong only if he shows that "he was convicted for conduct that did not constitute a [federal] crime." Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir.), cert. denied, 534 U.S. 1001 (2001); Wesson v. U.S. Penitentiary Beaumont, Tx, 305 F.3d 343, 348 (5th Cir. 2002), cert. denied, 537 U.S. 1241 (2003); Thomas v. Jeter, 2005 U.S. Dist. LEXIS 2424 at 4 (N.D. Tex. Feb. 17, 2005); Hickman v. Sanders, 2:04CV00160 WRW/JFF, recommended disposition at 7-8 (E.D. Ark. June 1, 2005), adopted by order of district court (June 22, 2005). The Magistrate Judge finds that these decisions are well-reasoned and that the test used in the decisions to determine whether a petitioner can meet the Fifth Circuit's actual

---

[2] In Reyes-Requena, the Fifth Circuit held that § 2241 jurisdiction is triggered by the savings clause in § 2255 if (1) the petitioner's claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" (i.e, he is actually innocent of the offense), and (2) the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena, 243 F.3d at 904.

innocence prong is equally applicable in determining whether a petitioner can meet the actual innocence prong of the Eighth Circuit's savings clause test. Accordingly, the Magistrate Judge finds that in order to meet the actual innocence prong of the Eighth Circuit's savings clause test, a petitioner must demonstrate that he was convicted for conduct that did not constitute a federal crime. A petitioner's claim that his federal sentence violates the rules announced in Blakely, Booker, and Shepard is insufficient to implicate the actual innocence prong. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); Thomas, 2005 U.S. Dist. LEXIS 2424 at 4; Hickman, 2:04CV00160 WRW/JFF, recommended disposition at 7-8; Hodge v. Davis, 2005 U.S. Dist. LEXIS 20122 at 2-3 (S.D. Ill. Sept. 8, 2005); Noguero-Marrerro v. Sanders, 2:05CV00099 JLH/JFF, recommended disposition at 10-11 (E.D. Ark. July 18, 2005), adopted by order of district court (Sept. 9, 2005).

In his § 2241 petition, Petitioner contends that (1) his Fifth and Sixth Amendment rights were violated because the drug amounts, which resulted in an upward sentencing adjustment against him, were not charged and proven to a jury beyond a reasonable doubt, and that (2) the leadership enhancement placed on him at sentencing violates Booker, his Sixth Amendment rights, and his due process rights because he did not plead guilty to the enhancement, nor was the enhancement proven beyond a reasonable doubt. Petitioner's claims, which rest on the rules announced by the United States Supreme Court in Blakely and Booker, challenge the legality of his sentence on his conviction for conspiracy to possess with intent to distribute marijuana. Petitioner has not alleged that he is actually innocent of conspiracy to possess with intent to distribute marijuana or that he was convicted for conduct that did not constitute a

federal crime. Accordingly, the Magistrate Judge finds that Petitioner has not demonstrated that he is actually innocent of the crime for which he was convicted and that, therefore, he has not triggered § 2241 jurisdiction.[3] Because Petitioner has not shown actual innocence, it is not necessary to determine whether he had an unobstructed procedural opportunity to present his claims.

In conclusion, the Magistrate Judge finds that Petitioner not met his burden of establishing that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, this Court lacks subject matter jurisdiction to entertain Petitioner's § 2241 petition, and the Magistrate Judge recommends that the petition be dismissed without prejudice. Hill, 349 F.3d at 1091-93 (affirming district court's dismissal of § 2241 petition, finding that district court properly concluded that § 2255 was adequate and effective to test the legality of the prisoner's conviction and that it therefore lacked subject matter jurisdiction to entertain the petition).

THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to

---

[3] In so finding, it should be noted that the "new rules" announced in Booker and Blakely do not apply to criminal convictions that became final before the rules were announced and therefore do not benefit petitioners in collateral proceedings. Lenford Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (Booker); United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005) (Blakely). On April 23, 2003, the Fifth Circuit entered judgment dismissing Petitioner's direct appeal. Petitioner did not file a petition for writ of *certiorari.* If a federal prisoner does not file a timely *certiorari* petition after disposition of his direct appeal, his conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal. Clay v. United States, 537 U.S. 522, 527, 532 (2003). Petitioner's time for filing a petition for writ of *certiorari* expired on July 22, 2003, and his conviction became final on that date. Both Blakely and Booker were decided after Petitioner's conviction became final – Blakely on June 24, 2004, and Booker on January 12, 2005.

28 U.S.C. § 2241 be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 22nd day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE